UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CARLOS ALEXIS MARTINEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-945 (LO/TCB) |
| ) | |
| MEGA AUTO OUTLET, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Carlos Alexis Martinez Garcia's ("Plaintiff") Motion for Attorneys' Fees and Costs. (Dkt. 18.) Finding oral argument unnecessary, the Court GRANTS Plaintiff's fee petition in full.

### I. BACKGROUND

Plaintiff filed his initial motion for default judgment on January 29, 2021 seeking entry of default against Defendant Mega Auto Outlet ("Defendant") and $102,317.12 in damages after he was "tricked by a car dealer…during the purchase of a car on credit." (Dkts. 10, 11.) Finding that Defendant had failed to respond or otherwise appear in this lawsuit, the undersigned issued a Report and Recommendation on February 23, 2021, recommending that the Court:

> enter an order granting in part Plaintiff's Motion for Default Judgment as to Defendant Mega Auto Outlet (Dkt. 10) as to Counts I, II, and III of the Complaint, thereby entering default judgment in favor of Plaintiff and against Defendant on these Counts. Further, the undersigned recommends that the Court award Plaintiff (1) $2,000.00 in statutory damages under the [Truth in Lending Act (TILA)]; (2) $99,817.12 in punitive damages; and (3) reasonable attorney's fees and costs. Finally, the undersigned recommends dismissing Plaintiff's VCPA (Count IV) of the Complaint.

(Dkt. 14 at 15.) Further, the undersigned noted that the "TILA provides for reasonable attorney's

1

fees and costs. 15 U.S.C. §1640(a)(3). Plaintiff is therefore entitled to reasonable attorney's fees and costs to be determined by the Court." (*Id.* at 13.)

When Defendant did not object to the Report and Recommendation within fourteen (14) days of service, pursuant to 18 U.S.C. § 636, Defendant waived appellate review of any judgment based on it.[1] (*Id.* at 16.) Accordingly, on March 16, 2021, the Honorable District Judge Liam O'Grady approved and adopted the Report and Recommendation, entering default judgment against Defendant and in favor of Plaintiff and awarding Plaintiff $101,817.12 in damages. (Dkt. 16 at 3.) Judge O'Grady further stated that "Plaintiff may also hereafter motion for an award of reasonable attorney's fees and costs." (*Id.*) Plaintiff then filed the instant motion on March 30, 2021 and set it for a hearing on May 21, 2021.

## II. ANALYSIS

In granting an award of attorneys' fees, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in

---

[1] Counsel for Defendant entered an appearance on March 11, 2021, after Defendant's time for objection had expired. (Dkt. 15.) Defendant then waited until April 7, 2021 to file its Motion to Compel Arbitration and Dismiss Complaint (Dkt. 20), even though a Rule 55 judgment had already been entered. The Honorable District Judge Liam O'Grady denied Defendant's motion on May 3, 2021. (Dkt. 24.) Defendant did not challenge, or even discuss, Plaintiff's proposed fees and costs in its filing.

2

which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44. The Court finds that the first, fifth, and eighth factors are those most pertinent here.

First, the Court will address the time and labor expended on the matter. Kelly Poff Salzmann of the Legal Aid Justice Center and Thomas D. Domonoske of Consumer Litigation Associates spent a total of 64.7 hours on this matter. A breakdown of the hours and attorneys' fees is as follows:

| Attorney or Staff | Hours | Hourly Fee | Total Sum |
|---|---|---|---|
| Kelly Poff Salzmann | 48.2 | $350.00 | $16,870.00 |
| Thomas D. Domonoske | 16.5 | $700.00 | $11,550.00 |
| **TOTAL** | **64.7** | - | **$28,420.00** |

(Dkt. 14-1 ("Salzmann Decl."), ¶ 16; Dkt. 14-2 ("Domonoske Decl.") ¶¶ 11-15.)

The Court has reviewed the billing entries for this matter. (*See* Salzmann Decl., Ex. A.; Domonoske Decl., Ex. A.) Upon review, the billing entries and work performed are entirely reasonable. The work included (1) drafting and revising the complaint and documents related to Defendant's default; (2) intake and phone calls to the client; (3) corresponding with Defendant; and (4) serving Defendant. (*Id.*) These actions are precisely what the Court expects counsel to undertake in the process of filing a complaint pursuant to the TILA and obtaining a default judgment.

Next, the fifth factor requires the Court to look at customary fees in like work. To aid in this analysis, the Court considers the *Vienna Metro* matrix, which this Court has consistently used in determining customary rates for Northern Virginia attorneys. *JK Moving & Storage, Inc. v. Winmar Constr., Inc.*, No. 1:17-cv-1213 (CMH/TCB), 2018 WL 4365573, at *3 (E.D. Va. June 20, 2018) (*citing Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-502, Dkt. 263 (E.D.

3

Va. Aug. 24, 2011). The *Vienna Metro* matrix provides for fees ranging from $505.00-$820.00 for attorneys with over twenty (20) years of experience, like Ms. Salzmann and Mr. Domonoske. *Id.*

Here, comparing the attorneys' relevant billing rates $350.00 (Ms. Salzmann) and $700.00 (Mr. Domonoske) per hour, respectively – to the $505.00-$820.00 estimation, the attorneys' billing rates sit either below or within the proper range. Moreover, as Plaintiff submits in his motion, the Court agrees that Ms. Salzmann and Mr. Domonoske's hourly rates are reasonable. Additionally, Plaintiff's submitted costs are reasonable. Plaintiff claims he incurred a total of $413.00 in costs, which include: (1) the $400.00 filing fee; and (2) $13.00 for service of process. (Dkt. 19, ¶ 5; Salzmann Decl. ¶ 17.)

Finally, the eighth factor - the amount in controversy and the results obtained – further justify awarding Plaintiff's requested fees. As the billing records show, Plaintiff's counsel spent significant time on obtaining default judgment as a result of Defendant's failure to properly defend itself. (Salzmann Decl., Ex. A.) Ms. Salzmann properly served Defendant and corresponded with its representatives so to avoid getting to the default judgment stage. (*Id.*) Nevertheless, Defendant declined to defend itself until after the Court entered final judgment.

In sum, upon consideration of the relevant factors, the Court finds that Plaintiff's fee submission of $28,420.00 in attorneys' fees and $413.00 in costs is reasonable and will accordingly award it in full.

### III. Order

It is hereby **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED**. Defendant shall pay Plaintiff's reasonable fees of $28,833.00 within twenty (20) days of the date of this Order; and it is further

**ORDERED** that the hearing scheduled for Friday, May 21, 2021 is **CANCELLED**.

ENTERED this 5th day of May, 2021.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia